RAGAN v. SHEFFIELD et ux.

(District Court, D. Oregon. March 31, 1919.)

No. 7834.

1. PUBLIC LANDS ⬥103(1)—LAND DEPARTMENT—NOTICE OF HEARING.
   Any irregularity in serving a notice requiring an entryman to appear at a contest hearing is obviated, where the entryman appears and takes part in the hearing.

2. PUBLIC LANDS ⬥106(1)—CONTEST—CONCLUSIVENESS.
   Where an entryman, after offering final proof, opposes a contestant's claim before the receiver, and appeals to the Land Department from an adverse decision, he is concluded by the department's cancellation of his entry upon issues of fact.

In Equity. Suit by Howard H. Ragan against Charles E. Sheffield and Josephine B. Sheffield, his wife. Complaint dismissed.

Weatherford & Wyatt, of Albany, Or., and N. M. Newport, of Lebanon, Or., for plaintiff.

A. S. Dresser and C. E. Moulton, both of Portland, Or., for defendants.

WOLVERTON, District Judge. This is a suit on the part of complainant to have the defendants declared trustees of the Sheffield homestead, lying within the boundaries of the old Siletz Indian reservation, for the use and benefit of complainant. The litigation arises out of the issuance to Sheffield, one of the defendants, of a patent to the land in dispute; the complainant alleging that he was entitled to such patent, and that the Land Department wrongfully, and without authority of law, issued the same to Sheffield.

Ragan, the complainant, filed a homestead application on this land

August 22, 1900, and submitted his final proofs October 18, 1904. Action thereon by the register and receiver was suspended, by direction of the Land Department, on account of supposed fraudulent transactions affecting the claim along with others in the vicinity. The proofs were transmitted, however, to the Commissioner at Washington. A contest affidavit was filed in the land office at Portland, Or., by Sheffield, June 18, 1906. A notice was issued by the register, requiring parties interested to appear and give evidence respecting the contest October 1, 1906, at 10 o'clock a. m. The evidence shows that service was attempted to be made of this notice upon Ragan August 13, 1906. There is a dispute as to whether such service was ever regularly made. The service was never filed in the land office.

On September 20, 1906, the contest affidavit was transmitted to the Commissioner, and, after consideration by that officer, the contest was, on October 10, 1907, allowed, and returned to the local office for the purpose of a hearing thereon. On November 12, 1907, another notice was issued by the register, requiring Ragan to appear and offer his evidence on February 14, 1908, at 10 a. m. This appears to have been served on Ragan December 31, 1907; but neither the notice nor the service was filed in the land office.

A hearing was had in the local office on the 14th, 15th, and 17th of February, 1908, at which Ragan appeared in person and by his attorneys, Walter H. Evans and Veazie & Veazie, and offered testimony in his own behalf, and the cause was submitted to the register and receiver for their determination. The contest resulted in a recommendation by those officers that Ragan's entry be canceled. An appeal was thereupon prosecuted by Ragan to the Commissioner of the General Land Office, resulting, on March 9, 1909, in the approval and affirmation of the recommendation of the register and receiver. Ragan further appealed to the Secretary of the Interior, and the decision of the Commissioner was, on November 17, 1909, by that officer also affirmed. From this decision no further review was sought, and the entry was canceled April 12, 1910. This closed the case in the Land Department as to Ragan. Sheffield was thereafter allowed to make his homestead entry, and was, in due course, granted a patent.

[1] This case is very similar on the facts to Williams v. Newman, 257 Fed. 353, just decided. The only material difference between them consists in a lack of service of the notice requiring appearance at the contest brought on by Sheffield. Neither notice nor service appears in the files or records of the land office. The record does, however, show that Ragan appeared, in person and by counsel, at the contest hearing, and there gave evidence intended to controvert the contest, as well as to substantiate his own claim, and that the decision was against him. The decision was affirmed on his appeal, both by the Commissioner and by the Secretary of the Interior. The appearance of Ragan at the hearing obviated all irregularity attending the issuance of the notice requiring appearance at the hearing and the service thereof. If Ragan had not appeared at all, another and quite different question would have arisen. In all other respects, this case is controlled by the decision in Williams v. Newman.

[2] I may add that it is insisted here, as it was in the Williams Case, that when Ragan offered his final proofs he did all he was required to do, and that it was not essential that he go farther, in order to entitle him to a final receipt. The fact remains, however, that he did go farther, and that he submitted his cause for further examination and a final decision by the Land Department. That decision was against him, and, it being rendered on questions of fact only, he is concluded by it. Nor do the rules of the land office cited by counsel, relating to notice and service thereof, in the case of Schmidt v. McCurdy, 44 Land Dec. 568, help the complainant, for the reason that his appearing at the hearing and thus submitting himself to the jurisdiction of the department obviated, as we have previously said, all necessity and efficacy of notice and service. He thereby waived all such process, and the want of it affords no ground for his relief.

Complaint dismissed.